**MEMPHIS METAL MANUFACTURING CO., Inc., Plaintiff,**

v.

**CONSOLIDATED VENETIAN BLIND CO., Inc., and Consolidated Metal Products Co., Defendants.**

**Civ. A. No. 7150.**

United States District Court
S. D. Texas, Houston Division.

June 27, 1956.

Lawrence P. Gwin, Bay City, Tex., and Rodney Bedell, St. Louis, Mo., for plaintiff.

Baker, Botts, Andrews & Shepherd, Frank B. Pugsley, Melvin R. Stidham and Delmar L. Sroufe, Houston, Tex., for defendants.

INGRAHAM, District Judge.

This is a suit for patent infringement, injunction and accounting for profits and damages.

Plaintiff is a corporation of the State of Tennessee doing business at Memphis, Tennessee. Defendants are Texas corporations doing business at Houston, Texas. Defendants are affiliated companies. The capital stock of Consolidated Metal was owned entirely by Consolidated Venetian and was, at the time of the trial, owned by Consolidated General Products, Inc., successor to Consolidated Venetian. The two defendant companies maintain a common office and a common plant and the management personnel is identical.

The patent in suit is Patent No. 2,545,-976 issued to C. T. Small March 20, 1951 on his application filed January 9, 1946. Plaintiff is sole owner of the Small pat-

ent under assignment from Small. The Small patent is for an invention of a machine for flaring or bending or spinning the edges of openings in sheets of stiff material. Plaintiff's suit is based upon Claims 12, 13 and 14 of the Small patent.

From plaintiff's evidence it appears that the particular use for which the patented machine is employed is in the manufacture of venturi, or flanged openings, an essential part used in the assembly of various types and sizes of electrically-powered fans. Prior to the Small patent, the manufacture of venturi was an expensive process, but with the Small patent the cost of the manufacture of venturi was brought within a more favorable economic range. Plaintiff's business flourished, both as a manufacturer of the needed venturi and as a licensor of other manufacturers thereof. Among its customers for the purchase of venturi were defendants and Southern Engineering and Development Company, all of Houston, Texas. Evidence shows that Consolidated Metal is successor to Southern Engineering.

Correspondence relating to the purchase of venturi, also called orifices and fan housings, was conducted in 1949 between plaintiff and Consolidated Venetian. Such correspondence was conducted with the purchasing agents of the purchasing company. About September 1949 Mr. Felter of Consolidated Metal, accompanied by Mr. Landreth, visited plaintiff's plant at Memphis, Tennessee, and were conducted through the plant, inspecting the plaintiff's machine. Prominently displayed on the machine was the following notice:

"C. T. Small Patent Metal Forming Machine.
"Patents Applied For.
"Excerpt From Patent Law.
"No one can make sell or use a patented article machine or part thereof on which patents are granted or applied for without the express written consent of the inventor. Penalty therefor is four fold

that of the selling price. The inventor *haveing* the sole right to set said price."

The evidence shows that Felter and Landreth were not purchasing agents but were production tool men, Mr. Landreth being described in the testimony as a production tool designer. Thereafter, orders from defendants and Southern Engineering ceased. It was later disclosed that Consolidated Metal had designed and built its own machine for the manufacture of venturi and that it engaged in the sale thereof. The evidence presents a bold piracy. Decree will be entered for plaintiff.

### Findings of Fact

1. The Small patent in suit, No. 2,-545,976, is for a patent on a machine for spinning metal orifices or venturi in fan frames. It was issued on March 20, 1951, to C. T. Small as assignor of the plaintiff, Memphis Metal Manufacturing Co., Inc.

2. The Small machine disclosed in the patent in suit was a new and useful invention.

3. The Small machine was a commercial success and filled a need in the industry.

4. The Small machine was imitated in its essential features by defendant, Consolidated Metal Products Co. The machine constructed by this defendant employs substantially the same means in the same manner to achieve the same results, and infringes Claims 12, 13 and 14 of the patent in suit.

5. Claims 12, 13 and 14 of the patent in suit are valid and are not anticipated by the prior art. The patent issued to Goldthwaite is the closest reference, and the only one which discloses a machine for spinning venturi, and it was cited by the Examiner in the Small prosecution.

6. In the accused machine the central shaft or piston rod is the "mechanism for moving said rolls radially of the shaft and away from each other to automatically center the edge of the work sheet open-

ing about the shaft," as called for in Claim 12 of the patent, and it functions in the manner described in the claim.

7. In the accused machine the rolls are spaced from the shaft so that the lower portions thereof "engage the edge of the opening in the work sheet to support and to automatically center the sheet about said shaft," as called for by said patent, but, since lateral movement is limited by gauge blocks placed on the substantially flat bed-plate, this operation of centering the sheet, as opposed to centering the edge of the opening about the shaft, is hindered due to the limited movement permitted, and to the extent that such movement is restricted.

8. In practical operation as observed by the court during the trial the metal sheets are not pre-cut to the exact dimensions of the gauge blocks, and for that reason some lateral movement is present when the machine is placed in operation. The simultaneous movement of the three rolls radially away from the central shaft tends to center the edges of the sheet about the shaft, although the presence of the gauge blocks placed about the edge of the sheets will necessarily prevent a complete centering operation if the opening in the work sheet is very far off-center. In practical operations, however, the holes are fairly well centered and the "buckling" produced by the lateral movement of the sheet against the gauge blocks is not sufficient to harm the product or to prevent its commercial use.

9. The accused machine contains all of the elements of Claim 14 operating in combination in the same manner to produce the same results as described therein.

10. I find that only one machine was constructed by the defendants and that that machine was constructed by Consolidated Metal Products Co. early in 1950 and has been operated by said company since that time.

11. I find that all of the stock of the Consolidated Metal Products Co. is owned by Consolidated General Products, Inc. This stock was previously owned by Consolidated Venetian Blind Co., Inc., which company operated the Consolidated Metal Products Co. and advertised it as a division of itself. These two companies operated as a single unit and used the same administrative personnel. It has been stipulated that Consolidated General Products Co. stands in the shoes of Consolidated Venetian Blind Co., Inc.

12. Claim 14 is not impliedly restricted by the argument of the Applicant's attorney in the prosecution of the Small patent.

### Conclusions of Law

1. This court has jurisdiction of the subject matter and the parties.

2. The presumption of validity accorded the patent in suit is strengthened by the following:

(a) The invention filled a need arising from a new situation.

(b) The invention entered into immediate use and met with commercial success.

(c) The defendants imitated the patent.

(d) The closest reference cited upon the trial was cited in the prosecution by the Patent Office.

3. In order to anticipate a patent on a combination of elements, it is necessary to find that combination in the prior art.

4. A restriction cannot be read into a claim by the statement of an attorney contrary to the plain language of the claim.

5. Infringement is not avoided by constructing a device that does not function as well as the patented structure, where the substance of the invention is used.

6. Where the parent corporation operates the subsidiary corporation as a part of the parent corporation's own business it is jointly and severally liable with the subsidiary for the acts of such subsidiary.

Copies hereof will be forwarded by the Clerk to counsel of record, who will draft and submit decree conforming herewith.